IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dwayne Adams, | Case No.: 6:25-cv-01151-JD-KFM |
| Petitioner, | |
| vs. | |
| | **ORDER AND OPINION** |
| Warden Edgefield FCI, | |
| Respondent. | |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Kevin F. McDonald (DE 11), issued under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina. The Report addresses Petitioner Dwayne Adams's ("Petitioner" or "Adams") 28 U.S.C. § 2241 habeas petition. (DE 1.)[1]

**A. Background**

The Report accurately outlines the relevant facts and legal standards, which the Court incorporates herein by reference. A brief summary is provided for context.

Petitioner, proceeding *pro se*, is currently incarcerated at Edgefield Federal Correctional Institution ("FCI Edgefield") in South Carolina, serving a sixty-month sentence, followed by four years of supervised release, imposed after he pleaded guilty in the Middle District of Florida to distribution of 40 grams or more of a mixture

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

containing a detectable amount of fentanyl, in violation of 21 U.S.C. § 841(a)(1). He was sentenced pursuant to 21 U.S.C. § 841(b)(1)(B) on May 11, 2023. (DE 11.) Petitioner did not appeal his conviction or sentence. (*Id.*)

On August 5, 2024, Petitioner filed a prior habeas petition pursuant to 28 U.S.C. § 2241 in this District, seeking application of First Step Act ("FSA") time credits. That petition was dismissed on November 4, 2024, for lack of subject matter jurisdiction, with the court finding that neither *Espinoza v. Barron* nor *Sierra v. Jacquez* supported his claims under the circumstances. (*Id.*)

On April 14, 2025, Petitioner initiated the present habeas proceeding by filing a § 2241 petition again challenging the execution of his sentence and asserting his entitlement to FSA time credits, arguing that his conviction does not render him ineligible to earn such credits. (*Id.*) Petitioner also moved for declaratory relief and asserted an equal protection claim, contending he was treated differently than the petitioner in *Espinoza* because the Bureau of Prisons ("BOP") did not award him similar FSA credits (*Id.*)

## B. Report and Recommendation

On April 14, 2025, the Magistrate Judge issued a Report and Recommendation recommending that the petition be dismissed without requiring a response from the respondent, finding that Petitioner's conviction under 21 U.S.C. § 841(b)(1)(B), involving fentanyl, expressly disqualified him from earning FSA time credits under 18 U.S.C. § 3632(d)(4)(D)(lxvi). (DE 11.) The Report also concluded that Petitioner's

2

equal protection claim was not cognizable under § 2241 and would otherwise fail on the merits. (*Id.*)

On May 19, 2025, Petitioner filed his objection.[2] (DE 16.) While largely reiterating his previous arguments that he is entitled to FSA credits notwithstanding his conviction, the objections do not meaningfully address the statutory ineligibility identified by the Magistrate Judge. The objections also continue to assert disparate treatment compared to the petitioner in *Espinoza*, despite the factual differences in offenses and statutory provisions at issue. (DE 16.)

**C. Legal Standard**

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

---

[2]  The Court grants Petitioner's motion for an extension of time to file objections (DE 15) and accordingly deems the objections filed at DE 16 to be timely.

**D. Petitioner's Objections**

Petitioner's objections address two points, First Step Act Time Credits and Equal Protection. Turning to Petitioner's FSA objection, Petitioner objects to the Magistrate Judge's conclusion that he is ineligible to receive FSA time credits, arguing generally that his offense does not fall within the statutory exclusions and that he is similarly situated to the petitioner in Espinoza. (DE 16.) However, under 18 U.S.C. § 3632(d)(4)(D)(lxvi), inmates convicted of certain offenses under the Controlled Substances Act are ineligible to earn FSA time credits, including individuals convicted under 21 U.S.C. § 841(b)(1)(B) for distributing a mixture containing fentanyl. The record confirms that Petitioner pleaded guilty to and was sentenced under precisely this statutory subsection. (DE 11.)

As the Magistrate Judge correctly determined, this statutory exclusion is explicit and leaves no room for the relief Petitioner seeks. *See Williams v. Carter*, 2024 WL 3200705, at *2 (D. Md. June 27, 2024); *Degollado v. Ray*, 2023 WL 5764285, at *4 (N.D.W. Va. Aug. 17, 2023), adopted by 2023 WL 5751436 (N.D.W. Va. Sept. 6, 2023). Contrary to Petitioner's assertions, *Espinoza* is inapposite; there, the inmate was convicted under the Controlled Substances Import and Export Act, not the Controlled Substances Act section that governs Petitioner's conviction. (*See* DE 11.)

Petitioner also fails to demonstrate that exhaustion of administrative remedies should be excused. While he asserts that he filed a BP-8 to which the BOP did not respond (DE 11), conclusory assertions of administrative unavailability are insufficient to show cause and prejudice necessary to bypass exhaustion. *See*

*McClung v. Shearin*, 90 F. App'x 444, 445 (4th Cir. 2004); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 761 (3d Cir. 1996).

As for Petitioner's equal protection objection, Petitioner contends that his equal protection rights have been violated because the inmate in *Espinoza* received FSA time credits while he did not. (DE 16.) As the Magistrate Judge carefully explained, claims of unconstitutional disparate treatment regarding conditions of confinement or sentence execution are not properly brought under § 2241 and, even if construed as a *Bivens* claim, do not warrant expansion into this new context under *Egbert v. Boule*, 142 S. Ct. 1793, 1803–04 (2022). (DE 11.)

Additionally, Petitioner's allegations fail on the merits because he has not shown that he was treated differently from similarly situated individuals. The record establishes that Petitioner's conviction under 21 U.S.C. § 841(b)(1)(B) expressly precludes FSA credits, while *Espinoza* involved different statutory provisions and factual circumstances. (DE 11.) Moreover, prisoners are not a suspect class, and petitioner has not alleged that he is a member of any protected class warranting heightened scrutiny. *See Wilkins v. Gaddy*, 734 F.3d 344, 348 (4th Cir. 2013).

Having considered Petitioner's objections (DE 16), the Court finds that they merely reassert arguments already thoroughly addressed and rejected by the Magistrate Judge. The objections do not identify any legal or factual error warranting departure from the well-reasoned conclusions in the Report. Accordingly, the objections are overruled.

### E. Conclusion

Accordingly, after a careful and thorough review of the Report and Recommendation and the entire record here, the Court adopts the Report (DE 11) in its entirety and incorporates it herein by reference.

Accordingly, it is ORDERED that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (DE 1) is DISMISSED without prejudice, and his motion for declaratory relief is DENIED.

It is further ORDERED that this action is DISMISSED without leave to amend and without issuance and service of process. Petitioner is advised that continued filing of duplicative habeas petitions may subject him to sanctions.

And it is **ORDERED** that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
July 8, 2025

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within sixty (60) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.